**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **IKON GLOBAL MARKETS, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COMMODITY FUTURES TRADING**<br>**COMMISSION,**<br><br>**Defendant.** |

**Civil Action 11-cv-52 (RC)**

## MEMORANDUM OPINION

After losing an arbitration to one of its customers, IKON Global Markets, Inc. brought

this suit.  IKON is a futures commission merchant—essentially, a broker of futures

contracts—registered with the National Futures Association ("NFA"), which is regulated by the

Commodity Futures Trading Commission ("CFTC").  The arbitration was conducted by an NFA

panel.  IKON alleges that the panel erred, and asks this court to nullify its decision and ensure

that no such error is committed again.  The CFTC has moved to dismiss the case for lack of

subject matter jurisdiction.  Although the court has jurisdiction, it will dismiss the complaint *sua*

*sponte* for failure to state a claim on which relief can be granted.

## I.  BACKGROUND

The CFTC is "an independent agency vested with broad authority to adopt rules that, in

its judgment, are necessary to carry out the purposes of the Commodity Exchange Act" ("CEA").

*Belom v. Nat'l Futures Ass'n*, 284 F.3d 795, 797 (7th Cir. 2002) (abbreviation expanded).  The

CEA requires registered futures associations such as the NFA to "provide a fair, equitable, and

expeditious procedure through arbitration or otherwise for the settlement of customers' claims and grievances against any member" of the association. 7 U.S.C. § 21(b)(10). The NFA—a statutorily-authorized self-regulatory organization for the futures industry, *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 365 n.28 (1982)—has accordingly established a code of arbitration and member arbitration rules which, like all NFA rules, are subject to CFTC approval. *See* 7 U.S.C. § 21(j). The code and rules both provide that there is no right of appeal from the decision of an NFA arbitration panel. National Futures Association, NFA Manual, Code of Arbitration, § 10(d); (2012) ("There shall be no right of appeal of the award."); *id.*, Member Arbitration Rules, § 10(d) (same).[1] Parties can request that the panel modify its decision on certain limited grounds, but they are explicitly barred from rearguing the merits of the controversy. *Id.*, Code of Arbitration, § 10(c); *id.*, Member Arbitration Rules, § 10(c) (both allowing the modification of an award that is "imperfect in matter of form not affecting the merits of the controversy"). And the CFTC does not review the decisions of NFA arbitration panels. 17 C.F.R. § 171.1(b)(2). Of course, the losing party can challenge the award under the Federal Arbitration Act, but "judicial review of arbitral awards is extremely limited" and does not encompass "claims of factual or legal error by an arbitrator." *Kurke v. Oscar Gruss & Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006) (internal quotation marks omitted).

In 2009, two IKON customers brought claims against the company before NFA arbitrators. Compl. ¶ 11. Both claims involved IKON's decision to close out offsetting currency

---

[1] The NFA Manual is available at http://www.nfa.futures.org/nfamanual/ NFAManual.aspx. All provisions cited were in force at all times relevant to this suit. The court takes judicial notice of the manual as a matter of general public record. *See Mittleman v. United States*, 997 F. Supp. 1, 6 (D.D.C. 1998).

positions in a customer's foreign exchange account.[2]  The NFA had recently adopted a rule forbidding members from maintaining such positions for their customers.[3]  IKON prevailed in one arbitration; its customer prevailed in the other.  Compl. ¶¶ 11–12.  IKON challenged the decision against it in the Western District of Washington but failed to serve timely notice of its motion to vacate, as the Federal Arbitration Act requires.  9 U.S.C. § 12.  IKON's motion was therefore dismissed, and the award against it confirmed.  *Ikon Global Markets, Inc. v. Appert*, No. 11-53, slip op. at 9 (W.D. Wash. July 28, 2011).

The day before filing its complaint in that case, IKON brought this suit against the CFTC.  IKON alleges here that it has been subject to inconsistent decisions by NFA arbitration panels, and asks the court to nullify the award against the company and order the CFTC to ensure that the NFA does not allow such arbitral inconsistencies in the future.

## II.  JURISDICTION

This is a court of limited jurisdiction, possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The CFTC has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for

---

[2] An offsetting currency position occurs when a customer simultaneously holds a long position—that is, an investment that will return a profit if the currency rises in value—and a short position—which turns a profit if the value of the currency falls—in the same currency in the same amount.  Letter of Thomas W. Sexton, Vice President and General Counsel, NFA to David Stawick, Office of the Secretariat, CFTC, Regarding Proposed Adoption of Compliance Rule 2-43 (Dec. 9, 2008), at 6.  A partial copy of the letter was included in the Joint Appendix as Exhibit C; the full document is available at http://www.nfa.futures.org/news/.%5CPDF%5CCFTC%5CCR2_43_ForexPriceAdj_112408.pdf.

[3] NFA Manual, Rule 2-43(b) (adopted May 15, 2009) ("Forex Dealer Members may not carry offsetting positions in a customer account but must offset them on a first-in, first-out basis.").  In 2010, the CFTC promulgated a regulation that established a similar requirement.  17 C.F.R. § 1.46(a)–(b).

lack of jurisdiction.  The plaintiff bears the burden of establishing the court's jurisdiction.

*Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *Moms Against Mercury v. FDA*, 483

F.3d 824, 828 (D.C. Cir. 2007).  In evaluating a motion to dismiss for lack of jurisdiction, the

court must take the plaintiff's factual allegations as true, *see El-Shifa Pharm. Indus. Co. v.*

*United States*, 607 F.3d 836, 839 (D.C. Cir. 2010) (en banc), although cases seeking judicial

review of agency action do not generally present issues of fact.  *See Rempfer v. Sharfstein*, 583

F.3d 860, 865 (D.C. Cir. 2009); *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C.

Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits

as an appellate tribunal.  The 'entire case' on review is a question of law."); *Marshall Cnty.*

*Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (In an APA case, the

"complaint, properly read, actually presents no factual allegations, but rather only arguments

about the legal conclusion to be drawn about the agency action.").

      The CFTC argues that the court lacks subject matter jurisdiction to hear this case because

IKON lacks both constitutional and prudential standing and no statute confers jurisdiction.  The

court will consider each argument in turn.

### A.  Constitutional Standing

      Article III of the Constitution grants the federal judiciary power over "Cases" and

"Controversies."  This grant is also a limitation: without a case or controversy, the court lacks

jurisdiction.  This limitation "gives rise to the doctrine[] of standing."  *Foretich v. United States*,

351 F.3d 1198, 1210 (D.C. Cir. 2003).  To establish constitutional standing, "a plaintiff must

show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or

imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged

action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

IKON alleges that it is being deprived of the benefit of CFTC oversight of NFA arbitration decisions. The company argues that the CFTC must ensure that NFA arbitrators apply and enforce the applicable rules and regulations and that, because the CFTC has not done so, IKON is exposed to the risk of inconsistent arbitration decisions and cannot safely enforce the rules and regulations in question. At bottom, IKON is concerned that if it continues to cancel its customers' offsetting positions, as it understands NFA Rule 2-43 and 17 C.F.R. § 1.46 to require it to do, it could lose another arbitration to a customer that objects to the cancellation. Such a hypothetical injury is not sufficient to give IKON standing to prosecute this action. *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1294 (D.C. Cir. 2007) ("Allegations of possible future injury do not satisfy the requirements of Article III.") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)) (emphasis and brackets deleted).

But IKON also asks the court to order the CFTC to nullify the arbitration decision against it. Although there may be other problems with that request—for instance, IKON's suit under the Federal Arbitration Act may preclude it from seeking identical relief here—those defects do not deprive the company of standing. The arbitration award against IKON is an actual, concrete, and particularized injury that is fairly traceable to the CFTC's alleged action—failing to oversee NFA arbitrations—and that would be redressed by an order requiring the CFTC to nullify the award. Whether the CFTC in fact has an obligation to oversee NFA arbitrations and whether

5

this court has the power to order that it nullify an award are questions of the merits of IKON's case, not the company's standing to bring it.

### B.  Prudential Standing

The question of standing involves not only "constitutional limitations on federal-court jurisdiction," but also "prudential limitations on its exercise."  *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  "To establish prudential standing, a party's 'grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit.'" *Nuclear Energy Inst., Inc. v. EPA*, 373 F.3d 1251, 1266 (D.C. Cir. 2004) (quoting *Bennett*, 520 U.S. at 162).  When applied to a statute, the zone-of-interests test "is intended to 'exclude only those whose interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit.'" *Nat'l Ass'n of Home Builders v. Army Corps of Eng'rs*, 417 F.3d 1272, 1287 (D.C. Cir. 2005) (quoting *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987)).  The test "is generous and relatively undemanding," *Animal Legal Def. Fund, Inc. v. Glickman*, 154 F.3d 426, 444 (D.C. Cir. 1998) (en banc), as a court need only find "that the litigant's interest is 'arguably' one regulated or protected by 'the statutory provision at issue.'" *PDK Labs. Inc. v. DEA*, 362 F.3d 786, 791 (D.C. Cir. 2004) (quoting *Nat'l Credit Union Admin. v. First Nat'l Bank*, 522 U.S. 479, 492 (1998)).

The statutory provisions at issue here are 7 U.S.C. §§ 21(b)(10), which requires registered futures associations to "provide a fair, equitable, and expeditious procedure through arbitration or otherwise for the settlement of customers' claims and grievances against any member," and 21(j), which makes NFA rules subject to CFTC approval.  These provisions

arguably give the members of futures associations a protected interest in the fairness of the arbitration procedures established by such associations—an interest that could allow them to challenge the CFTC's failure to ensure such fairness when it was legally required to do so. (Again, whether the CFTC in fact has such an obligation is a question of the merits of IKON's claims, not its standing to bring them.)  The court therefore concludes that IKON has prudential standing to pursue this case.

### C.  Statutory Jurisdiction

Because "the inferior courts of the United States . . . are creatures of statute and possess no jurisdiction except as afforded by congressional enactment," *Owens v. Republic of Sudan*, 531 F.3d 884, 887 (D.C. Cir. 2008), "the district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  IKON frames its case as a challenge to the CFTC's failure to act, brought under the Administrative Procedure Act.  Although the APA does not itself confer jurisdiction, *see Califano v. Sanders*, 430 U.S. 99, 107 (1977), the federal question statute gives this court the authority to hear such claims.  *Road Sprinkler Fitters Local Union 669 v. Herman*, 234 F.3d 1316, 1319 (D.C. Cir. 2000) ("28 U.S.C. § 1331 . . . gives federal courts what the APA does not: 'jurisdiction of all civil actions arising under the . . . laws . . . of the United States,' including those brought under the APA.") (quoting 28 U.S.C. § 1331).  The APA provides "a limited cause of action for parties adversely affected by agency action." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 185 (D.C. Cir. 2006).  If a party cannot plausibly allege that it has been adversely affected by final agency action, it cannot state a claim upon which relief can be granted—but that inability does not deprive the court of jurisdiction. *See id.* at 183–85.  The court therefore concludes that this case

is within its statutory grant of federal question jurisdiction and goes on to consider whether

IKON can state a claim under the APA.[4]

### III.  CAUSE OF ACTION

Under the APA, "[a] person suffering legal wrong because of agency action," 5 U.S.C. §

702—which includes an agency's "failure to act," *id.* § 551(13)—"within the meaning of a

relevant statute, is entitled to judicial review thereof," *id.* § 702.  The APA empowers the

judiciary to "compel agency action unlawfully withheld or unreasonably delayed."  *Id.* § 706(1).

As the Supreme Court has explained, "a 'failure to act is properly understood to be limited . . . to

a *discrete* action," and "the only action that can be compelled under the APA is action legally

*required*."  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).  In order to state a

"failure-to-act cause of action under the Administrative Procedure Act," a complaint must

therefore "identify a legally required, discrete act that the [agency] has failed to perform—a

threshold requirement for a § 706 failure-to-act claim."  *Montanans for Multiple Use v.

Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009).  The required action can, of course, be

mandated by "agency regulations that have the force of law."  *Norton*, 542 U.S. at 65.

--------

[4] The CFTC moved only to dismiss the complaint for lack of subject matter jurisdiction
under Federal Rule of Civil Procedure 12(b)(1), although the Commission argued in its reply
brief that IKON had failed to state a claim under the APA.  Courts generally do not consider
arguments—much less separate motions—that are presented for the first time in a party's reply.
*See, e.g.*, *Day v. District of Columbia*, 2012 WL 456491, at *14 n.51 (D.D.C. Feb. 14, 2012).
But a "district court may dismiss a complaint *sua sponte* for failure to state a claim if it is
'patently obvious' that the plaintiff cannot prevail."  *Scott v. United States*, 275 Fed. App'x 21
(D.C. Cir. 2008) (per curiam) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725,
727 (D.C. Cir. 1990) (per curiam)); *see also Jaeger v. United States*, 2006 WL 1518938, at *1
(D.D.C. May 26, 2006) ("Where . . . the failure to state a claim is patent, 'it is practical and fully
consistent with plaintiffs' rights and the efficient use of judicial resources' for the Court to
dismiss the action *sua sponte*.") (quoting *Baker*, 916 F.2d at 726).

IKON has not identified any discrete action that the CFTC is required to take.  To the contrary, the actions that it would force the Commission to perform are forbidden.  IKON asks that this court order the CFTC to ensure that NFA arbitration panels properly enforce NFA and CFTC rules.  But under CFTC regulations, "[t]he Commission will not review . . . [a] decision in an arbitration action brought pursuant to section 17(b)(10) of the [Commodity Exchange] Act or any rule of the National Futures Association."  17 C.F.R. § 171.1(b), (2).  Both that regulation and the NFA Code of Arbitration, which was approved by the CFTC and bars appeal from the decision of an arbitration panel, strike a balance between the desire for efficient resolution of disputes and the need for certain procedural safeguards.  The CFTC has made a considered decision not to oversee the outcomes of NFA arbitrations.  IKON has not identified any discrete action of oversight that the Commission is legally required to perform.  IKON therefore has not stated a failure-to-act claim under section 706(1) of the APA.

Nor can IKON avoid dismissal by invoking 5 U.S.C. § 706(2).  That familiar provision empowers the court to "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  To be reviewable, "agency action" must be "final agency action" if the APA provides the only cause of action.  *Id.* § 704.  Because, as discussed above, "agency action" encompasses a "failure to act," *see id.* § 551(13), courts in this district have said that "if a failure to act amounts to 'consummated "agency action" that APA views as final, notwithstanding the fact that the agency "did" nothing,' a party can seek relief under Section 706(2) of the APA."  *Hi-Tech Pharmacal Co. v. FDA*, 587 F. Supp. 2d 1, 9 (D.D.C. 2008) (quoting *Alliance to Save the Mattaponi v. Army Corps of Eng'rs*, 515 F. Supp. 2d 1, 10 (D.D.C. 2007)).  But even if the CFTC's decision not to oversee NFA

arbitrations was final enough to provide IKON with a cause of action under the APA, that decision could only be "an abuse of discretion" if it was discretionary. Instead, the Commission is forbidden by regulation from exercising the oversight that IKON would compel here. By the same token, an agency's faithful observance of its own regulations cannot be "arbitrary, capricious . . . or otherwise not in accordance with law." Perhaps IKON could have challenged 17 C.F.R. § 171.1(b)(2) when it was promulgated. Having failed to do so, it cannot state a claim challenging the CFTC's decision to obey it. The court will therefore dismiss IKON's complaint.

## IV.  CONCLUSION

The NFA has, with the approval of the CFTC, adopted a system of binding arbitration with no right of appeal. Such a system renders fast and final decisions. IKON alleges that it has been injured by an arbitration panel's legal error and may be so injured again. But even if that were so, the risk of such errors is an inevitable cost of arbitration without appeal. IKON has offered this court no legal grounds on which to compel the CFTC to force the NFA to abandon its system for quickly resolving customer disputes. IKON's complaint is therefore dismissed without prejudice for failure to state a claim on which relief can be granted.

Rudolph Contreras
United States District Judge

Date: May 15, 2012